WILLIAM B. LEDYARD v. LEVI L. PHILLIPS AND JOHN W PHILLIPS.

*Interest acquired by purchaser on foreclosure.*

At a foreclosure sale of real estate the complainant in foreclosure has the same rights, in bidding, as any third person, and takes the same interest if he becomes the purchaser.

A purchaser on foreclosure is presumed to bid for the crops growing on the land, and takes them with the premises.

An agreement whereby the mortgager transfers to the mortgagee all the crops growing on the mortgaged premises, except enough to pay for the harvesting and other running expenses, does not preclude the mortgagee, in case he becomes the purchaser on foreclosure, from taking the entire interest sold under the mortgage, without any reservations in the mortgager's favor.

Error to Kent.   Submitted Oct. 26.   Decided Jan. 5.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*Hughes, O'Brien & Smiley* for plaintiff in error. Growing crops pass on foreclosure upon the land: *Jones v. Thomas* 8 Blackf. 428; *Gillett v. Balcom* 6 Barb. 371; *Howell v. Schenck* 4 Zab. 89; *Lane v. King* 8 Wend. 584; *Shepard v. Philbrick* 2 Den. 174; *Crews v. Pendleton* 1 Leigh 297; all rights subsequent to a mortgage are cut off by foreclosure: *Horton v. Ingersoll* 13 Mich. 409.

47 MICH.—20

*Jacob Ferris* for defendant in error Levi L. Phillips. A trustee cannot acquire a claim to the trust property adverse to the beneficiary: Perry on Trusts §§ 129, 433; crops are converted into personalty by an agreement between the mortgager and mortgagee of the land on which they grow whereby they are transferred apart therefrom: Ewell on Fixtures 248.

MARSTON, C. J. Plaintiff in error brought *assumpsit* to recover the amount claimed to be due upon a promissory note given by defendants November 1st, 1872, and secured by chattel mortgage. Prior to July, 1873, the plaintiff held defendant's bond for $1400, secured by mortgage upon their farm. On July 14, 1873, the parties, in contemplation of an immediate foreclosure of the mortgage on the farm, entered into a written agreement concerning the disposition of the existing and future crops on the farm, a copy of which is given herewith.* On the day following the execution of

---

*This agreement, made and entered into by and between William B. Ledyard, of the city of Grand Rapids, Michigan, of the first part, and John W. and Levi L. Phillips, of the second part, witnesseth as follows:

Whereas, the said Ledyard holds a real estate mortgage upon certain lands and premises situate and being in the county of Kent, town of Plainfield, State of Michigan, and now occupied as a farm by said J. W. and L. L. Phillips.

And whereas, said Ledyard also holds a certain chattel mortgage given by said Phillips upon certain personal property belonging to said Phillips, said mortgage bearing date about November 1, 1872, and given for the sum of about six thousand and nine hundred dollars.

And whereas, said Phillips are raising crops on said farm now, have some harvested, others nearly ready for harvesting, and other crops sowed, and propose to put in more with consent of said Ledyard for the years 1873 and 1874.

Now, therefore, in consideration of the premises the said John W. and Levi L. Phillips hereby sell, assign, transfer and set over unto said Ledyard all said crops now harvested or growing or to be raised hereafter, and the entire avails of said farm and the stock thereon, and the increase of said stock, reserving enough thereof to pay the expenses of raising and harvesting the same, feeding the stock thereon, and conducting and carrying on said farm generally.

And said Ledyard in consideration thereof hereby agrees to apply the proceeds thereof upon said mortgage as follows:

*First,* The sum of fifteen hundred dollars upon said chattel mortgage, and after that upon one or the other of said mortgages as said Ledyard may think proper, but said Ledyard to make good and safe his security.

In witness whereof the said parties have hereunto set their hands this fourteenth day of July, eighteen hundred and seventy-three.

[Signed]            JOHN W. PHILLIPS.
                    LEVI L. PHILLIPS.
                    W. B. LEDYARD.

this agreement proceedings were commenced in chancery for the foreclosure of the real estate mortgage, in which case the defendants did not appear. On October 14, 1873, complainant therein obtained a decree for the entire sum secured and for a sale of the mortgaged premises, which took place on the 18th day of August, 1874. The notice of sale was in the usual form, no reference being made therein, or in any of the proceedings, or at the sale, as to the agreement of July 14th, or that the crops were to be reserved or not sold in the usual manner. At the sale there were two bidders, the complainant and a third party. The last bid made by the latter was $27,000. The complainant bid $27,100, an amount in excess of the decree, interest, and costs of over $8000, and became the purchaser and took possession of the property thereunder.

At the time of this sale there was a corn and potato crop growing and unharvested upon the premises, which had been planted in the spring of 1874 by defendants Phillips. These crops were harvested by the plaintiff, and the defendants claimed in this case that the value of the corn and potatoes thus harvested and sold by the plaintiff should be allowed them as an offset against the amount due on the note sued upon. In taking this position the defendants relied upon the agreement of July 14th, while the plaintiff claimed that he became the owner of these crops under the chancery sale freed from the provisions of that agreement.

Fifteen hundred dollars was applied upon the chattel mortgage by the plaintiff in accordance with the agreement of July 14th.

While this agreement was not as full and clear as it might have been made, yet there was nothing therein to prevent the complainant at once proceeding to foreclose his real estate mortgage as though no such agreement had been made. Indeed it is conceded by counsel for defendants that this agreement was entered into "in contemplation of an immediate foreclosure of the mortgage on the farm." The foreclosure proceedings continued up to and including a sale as though no such agreement had been made.

At a mortgage foreclosure sale of real estate made pursuant to a decree, the complainant stands upon an equal footing with third parties, having no superior rights and subject to no disabilities, and the purchaser at such a sale takes the premises sold with the crops growing thereon. *Scriven v. Moote* 36 Mich. 66; *Ledyard v. Phillips* 32 Mich. 20. It is clearly apparent that in no other way could equality exist between bidders at a sale. Unless all suppose they are bidding upon the same property, subject to similar rights and disabilities, it is evident that a fair sale cannot be made. Nor are the defendants injured in this view of the case. The law contemplates that bidders at such a sale, in estimating the value of the premises, will include the crops growing thereon, and will bid accordingly, so that in this way the land is supposed to sell for the value of the crops more than it otherwise would have done, and thus the mortgagor receives the value thereof.

After such a sale has been made it would be manifestly unjust to deprive the purchaser of a part of the property purchased by him, and thus give the mortgagor twice the value of such property, once at the foreclosure sale and afterwards as claimed in this case.

Had a third person been the purchaser at the sale made no such question could have arisen, and the present case must be disposed of precisely as though such had been the fact. The mortgagee acquires the same right and interest at the sale that a third person would,—no more, no less—the only advantage he has is that to the amount of the decree in his favor he is not obliged to pay over the purchase price to that extent, his bid being a payment of his debt.

We are of opinion that the court erred in allowing as a set-off the value of such crops, and as the amounts fully appear in the report of the referee the same can be deducted and a judgment rendered in this court in favor of the plaintiff for the proper amount, with interest thereon at the rate specified in the note, with costs to plaintiff in error.

The other Justices concurred.