ANDREW D. BOGERT ET AL. v. GARRET J. LYDECKER.

1. The lien of a prior judgment acquired under the statute will be destroyed and supplanted by the lien of a junior judgment, on which an execution has been sued out, delivered to the sheriff and levied be-

fore the delivery and levy on an execution sued out on the prior judgment.

2. The lien thus acquired by the vigilant junior judgment creditor will entitle him to a priority of right to the proceeds of lands sold under such an execution and levy.

On January 4th, 1879, Bogert and others recovered a judgment in this court against Cornelius Lydecker. An execution thereon issued August 26th, 1879, returnable to November Term, and was returned unexecuted. An *alias* execution issued January 10th, 1880, returnable to February Term, and was returned without levy on lands. A *pluries* execution issued May 21st, 1881, returnable to June Term, and was levied on certain lands in Bergen county.

On November 3d, 1880, Garret J. Lydecker recovered a judgment in this court against the same defendant. An execution thereon issued November 3d, 1880, returnable to December 7th, 1880, and was returned *nulla bona*. An *alias* execution issued January 15th, 1881, returnable to February Term, and was returned *nulla bona*. A *pluries* execution issued April 15th, 1881, returnable to June Term, which was levied on some of the same lands.

The *pluries* writ under the Lydecker judgment was delivered to the sheriff and by him levied on said lands prior to the delivery and levy of the Bogert *pluries* writ.

The lands levied on by both writs were sold and the proceeds paid into court. There not being sufficient to satisfy both judgments, each party claims (under a rule to show cause) that the proceeds should be first applied to the payment of his judgment.

Argued at February Term, 1883, before Justices Dixon and Magie.

For Bogert and others, *A. S. Jackson*

For Lydecker, *W. M. Johnson*.

The opinion of the court was delivered by

MAGIE, J. It is contended in behalf of Bogert and others that their judgment, having bound the lands from the time of its entry, (*Rev.*, *p.* 520, § 2,) is entitled to be first paid out of the proceeds of their sale. To the objection founded on section 9 of the act respecting sales of lands, (*Rev.*, *p.* 1044,) it is replied that the plaintiffs in that judgment are not within the provisions of that section, because executions were, in fact, taken out upon that judgment, though not levied on these lands.

This contention ignores one of the purposes of that section. Its manifest object is twofold : 1. To prevent the continuance of the lien of a prior unlevied judgment upon the lands after sale under a junior judgment actually levied thereon; and, 2. To give the " proper effect and fruits " of an execution to the judgment creditor, vigilant in procuring a first levy, against one who, though prior in time of judgment, refuses or neglects to levy his execution. The section seems, in terms, to only affect the title to the lands, but the other plain object must not be forgotten. It can be fully effectuated by construing the section to provide, in accord with its manifest intention, that the vigilant junior judgment creditor acquires by his prior levy a priority of lien, of which he is not deprived by reason of the prior judgment or any unlevied execution, and of which he cannot be deprived by any subsequent execution.

This was the view and language of Chancellor Green, in *Clement* v. *Kaighn*, 2 *McCarter* 47, a case presenting this precise point. His conclusion was reached after a thorough examination of the acts upon this subject and their history. Nothing can be added to the reasoning by which he supported his view.

The ruling of this court in *Voorhees* v. *Chaffers*, 4 *Zab.* 507, by which a preference was accorded to a junior judgment, the execution on which had been first recorded and delivered to the sheriff, must have been based on a similar construction.

In *Wills* v. *McKinney*, 12 *Vroom* 120, this court approved and followed the doctrine of Clement *v.* Kaighn.

The previous unlevied executions do not affect the question. To preserve priority of lien requires executions executed—that is, levied. *Den* v. *Young*, 7 *Halst.* 300.

Nothing was said on the argument with respect to the force to be attributed to the act which is now section 19 of the act respecting executions, (*Rev.*, *p.* 392,) and which, in case of several executions and an insufficiency of proceeds, gives preference to that execution first delivered to the sheriff.

In *Rammel* v. *Watson*, 2 *Vroom* 281, that act was held to give priority of right to the proceeds of lands sold on execution to a junior judgment creditor, whose execution had been first delivered to the sheriff. While the language of Judge Elmer, who read the opinion, limits the application of the rule he adopted to the case in hand, which was that of land acquired after the judgments, I see no reason why it is not applicable to land previously acquired. The sole question is as to the lien of the judgment and the effect produced thereon by the statutes giving priority to the diligent. This act, by its terms, gives a priority of right to the proceeds of sales to the judgment creditor whose execution is first delivered.

My conclusion is that there is nothing in the contention here made, and that it ought to be considered as settled, in this court at least, that the lien of a prior judgment will be destroyed and supplanted by the lien of a junior judgment, on which an execution is sued out, delivered to the sheriff and levied before the delivery and levy on an execution sued out on the prior judgment. Such acquired priority will not only relieve lands sold under the junior judgment of the lien of the prior judgment, but will also entitle the junior judgment to the proceeds of the sale.

The proceeds of this sale should therefore be first applied in satisfaction of the Lydecker judgment, and the remainder, if any, on the Bogert judgment.