ALBERT SERVIS

*v.*

JOHN H. DORN et ux., et al.

[Decided July 12th, 1909.]

1. Surplus money arising upon a sale of land under a decree of fore-closure stands in the place of the land itself in respect to liens upon or vested rights therein.

2. When husband and wife hold lands by an estate in entirety, the wife, during the joint lives of herself and husband, is entitled to her share of the usufruct of the land, and the right of survivorship in the fee still exists as at common law.

3. Judgments recovered against a husband, who, together with his wife, owns land by an estate in entirety, are liens against the husband's interest and are enforceable against the land if he survives his wife, but are subject to be defeated as to that land in the event of her surviving him.

4. Surplus money, arising upon a sale of land owned by husband and wife by an estate in entirety, will not be paid to the husband and wife upon their petition when there are judgments against either one of them, but will be held under the control of the court to wait the severance of the estate by the death of one of the parties, when the fund will or will not become available in satisfaction of the judgments, accordingly as the judgment debtor survives or dies before the other tenant by entirety.

On petition for surplus money.

16

*Mr. Warren R. Schenck,* for the petitioners.

*Mr. John A. Coan,* for the South River Brick Company.

*Mr. George S. Silzer,* for August Splatter.

WALKER, V. C.

The defendants John H. Dorn and Rosie Dorn, his wife, were the owners of an estate by the entirety in the fee to the mortgaged premises sold in this cause. By the report of the master in the foreclosure proceedings it was certified that the defendant the South River Brick Company had obtained a judgment against the defendant John H. Dorn for principal, interest and costs, amounting to $90.12, and that the defendant August Splatter had obtained a judgment against the defendant John H. Dorn for principal, interest and costs, amounting to $24.78, in the order of priority just mentioned, but that the said two judgments are not at the present time liens upon said mortgaged premises, inasmuch as the said John H. Dorn and Rosie Dorn, his wife, the owners thereof, are seized of said lands and premises by an estate in entirety.

By the final decree it was adjudged that the master's report and all the matters and things therein contained do stand ratified and confirmed, and that there was due to the complainant on his mortgages the sum of $1,041.09, and to the South River Brick Company on its judgment against John H. Dorn the sum above mentioned, and to the defendant August Splatter, on his judgment, the sum above mentioned; and it was further adjudged that the mortgages of the complainant are first in priority of lien over the respective judgments of the defendant South River Brick Company and August Splatter, and are entitled to be first paid, and that so much of the mortgaged premises as necessary should be sold to pay and satisfy, in the first place, the amount due the complainant with interest and costs, and that a writ of *fieri facias* issue for the sale of the mortgaged premises, and that out of the money arising from such sale the sheriff, in the first place, pay to the complainant his debt, interest and costs, and in case more money should be raised by the sale than shall

be sufficient to answer such payment, that such surplus be brought into court to abide the further order of the court. The sum of $124.44 has been deposited with the clerk as the surplus money arising upon the sale under the *fi. fa.*

Surplus money arising upon a sale of land under a decree of foreclosure stands in the place of the land itself in respect to liens upon or vested rights therein. *Matthews* v. *Duryee, 45 Barb. 69; Oberle* v. *Lerch, 18 N. J. Eq. (3 C. E. Gr.) 346; Leeming's Case, 3 De G. F. & J.'43.*

The defendants Dorn and wife, the owners of the fee by entirety, have petitioned for the surplus money, and their counsel contends that they are entitled to it because the matter is *res judicata,* that is, that it has been adjudicated that the judgments were not liens upon the land, and that, consequently, they are not liens upon the surplus money.

It is true that the master reported that the judgments were not at the time of making the report liens upon the mortgaged premises, but the finding may be said to be somewhat ambiguous, and is not inconsistent with the view that the judgments, while not then enforceable by sale of the premises, were, nevertheless, inchoate liens against the estate of the defendant John H. Dorn which would come to him if he survived his wife.

There can be no doubt whatever but that the judgments were liens upon the interest which the husband (the judgment debtor) had in the land. In *Washburn* v. *Burns, 34 N. J. Law (5 Vr.) 18,* a lien claim was filed against premises owned by a husband and wife in entirety, and the question was whether in such a case the husband could burden such an estate with a mechanics' lien.

Said Chief-Justice Beasley, speaking for the supreme court (at *p. 20*) :

"The argument was, that as the wife was seized of an indivisible entirety, there was nothing left upon which the grant of the husband could act. This argument is sound only to a limited extent. Its error consists in leaving out of the account an element of the case. It is true that the husband cannot alien any part of the estate which he holds in the same right with his wife. To do that would be to sever its unity and thus destroy its peculiar characteristics. The reason he cannot do this is be-

cause it would convert the estate into a tenancy in common, and defeat the right of survivorship. But the husband has an interest which does not flow from the unity of the estate, and in which the wife has no concern. He is entitled to the use and possession of the property during the joint lives of himself and wife. During this period the wife has no interest in or control over the property. It is no invasion of her rights, therefore, for him to dispose of it at his pleasure. The limit of this right of the husband is, that he cannot do any act to the prejudice of the ulterior rights of the wife."

That case (*Washburn* v. *Burns*) was decided in 1869 and affected a conveyance made to the husband and wife in 1858. As a matter of fact the estate of the parties was controlled by the Married Woman's act of 1852 (which appears to have been overlooked), and the wife of McCabe, one of the defendants, was entitled to the enjoyment of her estate or interest in the lands during the joint lives of herself and her husband. *Buttlar* v. *Rosenblath, 42 N. J. Eq. (15 Stew.) 651, 656; Vunk* v. *Raritan River Railroad Co., 56 N. J. Law (27 Vr.) 395, 398; Collins* v. *Babbitt, 67 N. J. Eq. (1 Robb.) 165, 175.* These cases decide that the wife during the joint lives of herself and husband is entitled to her share of the usufruct of the land, and that the right of survivorship in the fee still exists as at common law. But, under *Washburn* v. *Burns, supra,* and the earlier case of *Den* v. *Gardner, 20 N. J. Law (Spenc.) 556,* the husband's interest may be encumbered, either voluntarily by mortgage as in *Den* v. *Gardner,* or involuntarily by judgment as in the mechanics' lien claim case of *Washburn* v. *Burns.*

My interpretation of the master's report in the foreclosure proceedings is, that by certifying that the two judgments were not then liens upon the mortgaged premises, he meant no more than that they were not liens on the entirety of the fee in such way that they could be paid and discharged out of the proceeds of the sale of the premises, and this is borne out by the fact that he reported the amounts of the judgments and their order of priority. This leads to the view that the master, to whom was referred the petition of Dorn and wife for the surplus, erred in his conclusion that the judgments of the South River Brick

Company and August Splatter are not liens at all against the surplus money or any part thereof, which conclusion he predicates upon the former master's report, and appears to consider the matter *res judicata* as against the judgment creditors by reason of the final decree which confirmed the report. True, whatever was reported is a thing adjudicated by the decree, but, as pointed out, the report does not bear the interpretation put upon it.

The result reached by me is, that these judgments are liens upon the interest of the defendant John H. Dorn in the fund in court, which fund must be considered to be held by himself and wife in an estate by entirety, the same as was the land before its sale under foreclosure.

The fund will not be paid to Mr. and Mrs. Dorn upon their petition therefor, but it will be held under the control of the court to wait severance of the estate by the death of one of the parties, when it will or will not become available in satisfaction of the judgments, accordingly as the judgment debtor survives or dies before the other tenant by entirety.

·The petition for surplus will be dismissed.