LESLIE L. CARLISLE *v.* CHARLES EDWIN PARKER and LIZZIE E. PARKER.

*(August 3, 1936.)*

LAYTON, C. J., and RODNEY, J., sitting.

*Isaac D. Short, 2d,* for First National Bank and Trust Company of Milford.

*Caleb M. Wright* and *Howard J. Cooke* for Charles Edwin and Lizzie E. Parker.

Superior Court for Sussex County, No. 17, April Term, 1936.

RODNEY, J., delivering the opinion of the Court:

The land was held by the husband and wife as tenants by the entirety. A joint mortgage was given by them and subsequently foreclosed, the mortgage paid and the balance of the proceeds is now deposited in this court.

■ The first question to be determined is whether the same estate or interest exists in the proceeds of sale as had existed in the real estate prior to sale; in other words, whether the fund represented by the proceeds of sale has attached to it those peculiar attributes of an estate by entireties which had existed prior to the conversion of the land into money. In *Leet v. Miller*, 6 *Pa. Dist. R.* 725, the answer to the question was assumed from the statement that estate by entireties could exist in personal property. To us it seems that an affirmative answer to the question is shown from a joint consideration of the law governing estates by entireties and that governing executions.

■■ At this time it is only necessary to draw attention to the inseverability of an estate by entireties. When it once exists it can not be destroyed by either of the parties (husband or wife) acting singly, but can only be terminated by the death of one, by their joint action, or by some circumstance such as divorce by which the essential unity of the

parties has been destroyed. It may be suggested that the joint action of the husband and wife in the execution of the mortgage might be considered in some way as a conveyance, or as anticipating a possible foreclosure, and, therefore, as a destruction of the estate. A mortgage in Delaware is not considered as a conveyance, but as security for the payment of a debt. *Malsberger v. Parsons,* 1 *Boyce* (24 *Del.*) 254, 75 *A.* 698.

The other suggestion is not quite a direct answer to the question for, conceivably, a mortgage may exist upon the property and, subject to this mortgage, the land may be conveyed to a husband and wife as an estate by entireties. Upon the foreclosure of the mortgage and existence of a surplus of proceeds the main question would be insistent of solution.

If land is sold under a foreclosure of a mortgage the proceeds of sale must be dealt with and treated as land. 3 *Freeman on Executions,* § 447; *Matthews v. Duryee,* 45 *Barb.* (*N. Y.*) 69.

Surplus money arising upon a sale of land under a decree of foreclosure stands in the place of the land itself or of the equity of redemption, and is regarded as realty as to those who either hold the title or who had liens upon said land.

2 *Wiltsie on Mtgs.,* § 980; 3 *Jones on Mtgs.,* § 2164; 2 *Pingrey on Mtgs.,* § 2007; *Servis v. Dorn,* 76 *N. J. Eq.* 241, 76 *A.* 246; *Davidson v. MacDonald,* 124 *Misc.* 726, 209 *N. Y. S.* 145.

This is the reason that judgments, other than those on which the land is sold, are paid from the proceeds and in the order of their respective priorities; this is the reason that when there has been a conveyance of the land, after the inception of the lien and before the sale, that the grantee is entitled to the surplus if there be no liens paramount to

his title; this is the reason that a wife may be entitled to dower in the surplus. *Cornog v. Cornog,* 3 *Del. Ch.* 407. The latter case was in equity.

We know of no rule of law which would destroy an estate by entireties in a surplus arising from a foreclosure of a mortgage on an entirety estate. Both parties are now living and every unity of person, of time and estate which ever existed exists now.

That the estate by entireties continues in the surplus fund arising from the sale has been determined by several cases. *Germania Savings Bank v. Jung (Sup.)*, 18 *N. Y. S.* 709; *Stretz v. Zolkoski,* 118 *Misc.* 806, 195 *N. Y. S.* 46; *Servis v. Dorn, supra.*

Having determined that an estate of entireties can exist in the surplus proceeds of sale of real estate theretofore held by entireties, we must address ourselves to the petitions directly presented. Two petitions to withdraw the money have been filed—one by the husband and wife (the tenants by the entirety) jointly, and the other petition is by a judgment creditor of the husband alone. The first petition must be granted unless there be merit in the second petition, or unless some rule of law otherwise prevents the granting of the petition.

There seems little dispute as to what an estate by entireties was at common law. It existed when an estate by grant or devise became vested in a husband and wife during coverture. It differs from any other estate known to the law. It may be pertinent to set out a few of the characteristics which are peculiar to it. In some respects it resembles a joint tenancy. Joint tenancy had four unities—unity of interest, unity of instrument creating it, unity of time and unity of possession. To these in an estate by entireties is added the most important unity of all—that of person. A husband and wife at common law were one

person, and an estate by entireties can only exist where the relationship of husband and wife exists. A joint tenancy could exist with any number of persons. Entirety could embrace but two and these two occupy a definite relationship. Joint tenants hold by moieties—each is seized of an undivided moiety *"per my et per tout."* A husband and wife have no moieties—they are seized *"per tout"* but not *"per my"*; each has an entirety in the subject of the estate and such is the origin of the name.

It is not necessary here to discuss the effect that the *Married Women's Act* (*Rev. Code* 1915, c. 87, § 3047 *et seq.*) had on estates by entireties. This has been considered in *Heitz v. Sayers,* 2 *W. W. Harr.* (32 *Del.*) 207, 121 *A.* 225. It had been held in many jurisdictions before the passage of the *Married Women's Act* that as the husband had a life interest in all real estate belonging to his wife, that such right gave the husband full power to manage, control and encumber the estate by entireties—but only for his life and not affecting the right of survivorship. This, however, had been changed by the Acts giving to the married woman full and free control of her own property, and at no time did this control of the husband flow as an attribute of an estate by entireties, but simply from the law regulating husband and wife.

From the Delaware cases of *Hurd v. Hughes,* 12 *Del. Ch.* 188, 109 *A.* 418, *Heitz v. Sayers, supra,* and *Kunz v. Kurtz,* 8 *Del. Ch.* 404, 68 *A.* 450, certain principles governing estates by entirety seem reasonably clear:

1. That estates by entirety were not abolished by *Married Women's Act.*

2. That the interest of the wife in the estate is her "separate property."

3. That neither the entirety estate nor the in-

terest of either spouse can be sold during their joint lives, except with the consent of both husband and wife.

4. That no judgment against one tenant by the entirety is a lien on the entirety property or any interest therein during the joint lives of both husband and wife.

These conclusions seem sound in principle and supported by the greater weight of authority. Many of the cases are collected in notes to 27 *A. L. R.* 826; 35 *A. L. R.* 147; 89 *A. L. R.* 499.

We shall not pause to consider in detail the cases which hold that during the joint lives of husband and wife the interest of one alone may be subjected to some sort of a lien, which while not destroying the right of survivorship, may attach for some purposes. The estate of one spouse in an estate by entireties has been likened to an estate for life or to a defeasible or contingent estate, *Brownson v. Hull*, 16 *Vt.* 309, 42 *Am. Dec.* 517; to a contingent remainder, *Bates v. Seely*, 46 *Pa.* 248; to a "contingent expectant estate." No definition is apt nor can it be precisely defined unless such definition include all its attributes.

A passing attention must be given to the Pennsylvania cases, for while they largely sustain every conclusion we reach, yet they include one case which must be briefly considered.

In *Fleek v. Zillhaver*, 117 *Pa.* 213, 12 *A.* 420, an estate by entireties existed; a judgment was obtained against the husband alone; subsequently husband and wife joined in a mortgage; the wife died; execution was issued on the judgment against the husband and the land sold. The Court held that the judgment against the husband alone, which incapable of enforcement during their joint lives was a lien on the expectancy of the husband, and that on the death of the wife that this judgment became a first lien against the husband and took priority over the mortgage.

In *Beihl v. Martin,* 236 *Pa.* 519, 84 *A.* 953, 42 *L. R. A.* (*N. S.*) 555, the court limited the *Fleek Case* but did not overrule it. The doctrine of the *Fleek Case* has been the subject of vigorous criticism. See the articles in 61 *Pa. Law Rev.* 476, and 29 *Dickinson Law Rev.* 125, 163, and see a contrary holding in *Bruce v. Nicholson,* 109 *N. C.* 202, 13 *S. E.* 790, 26 *Am. St. Rep.* 562, and *Johnson v. Leavitt,* 188 *N. C.* 682, 125 *S. E.* 490.

With the doctrine of the *Fleek Case* we do not agree. We do not think there can be such a thing as a lien, properly speaking, on any interest in real property where such interest could not be conveyed, mortgaged, assigned or otherwise dealt with by the one against whom the lien is sought to be imposed.

In *Beihl v. Martin* it was conceded that the lien against the husband was not enforceable until after the death of the wife. This result, we think, proceeds from the fact that upon the death of the wife the existing judgment against the husband then, for the first time, becomes a lien and does not proceed from any theory of stay of execution by operation of law.

The interest of a wife in an estate by entireties is her separate property which she may hold free of her husband's debts. One of the incidents of the estate is the power to sell it with her husband's consent. It is for this reason, the denial of her right of alienation, which makes invalid during their joint lives any deed or mortgage executed by the husband alone, and it is for this reason that a judgment against the husband is ineffective.

A wife, as tenant by the entirety, has a right to obtain her husband's consent to a sale of the property, which would terminate the estate. Any deed, mortgage, lien, including lien on expectancy, would be an impairment of her right and so would subject her property to her husband's debt.

A judgment is only a lien upon lands, because lands by statute and contrary to the common law become liable to be seized and sold in execution of the debt. An execution on personalty only becomes a lien on the personal property because it may be taken in satisfaction of the debt. We think a judgment against one of the tenants by the entirety is in no proper sense a "lien" during the joint lives of both tenants.

From another viewpoint, it would seem that the petition of the First National Bank & Trust Company of Milford could not have been granted. Husband and wife are both living. A condition exactly similar to the instant case existed in *Leet v. Miller*, 6 *Pa. Dist. R.* 725, where except for the change of names and amounts the case is indistinguishable from the present. In that case the court refused the petition of the judgment creditor, and ordered the fund paid to the defendants in the writ, the tenants by the entirety of the real estate. Exactly the same situation existed in *Hill Top Savings and Trust Co. v. Worley,* 16 *Pa. Dist. R.* 250, with the exception that in that case the judgment against the husband alone was posterior to the mortgage under which the property was sold.

If, as we have held, the surplus of the proceeds of the foreclosure sale are to be considered in this case as the land itself, we see no reason why said fund is not to be governed or disposed of by the husband and wife, acting jointly, to the same degree or extent as they could have disposed of the real estate itself, just prior to the sale.

The prayer of the petition of the husband and wife that the fund be paid to them jointly, less the costs of this proceeding, is granted, and the prayer of the petition of the First National Bank & Trust Company, of Milford, the judgment creditor of the husband alone, is denied.