THE SUSSEX TRUST COMPANY, a corporation of the State of Delaware v. WILLIAM D. JOHNSON.

(*July* 22, 1952.)

CAREY, J., sitting.

*Robert W. Tunnell* (of Tunnell and Tunnell) for The Sussex Trust Company.

*Houston Wilson* for Betty Howard Johnson.

No appearance for defendant.

Superior Court for Sussex County, Rule No. 1, April Term, 1950.

CAREY, J.:

The entry of judgment against the husband alone gave the petitioner no lien against the land, since it was owned by Mr. Johnson and his wife as tenants by the entireties, nor did it constitute a lien upon any part of the surplus prior to the final divorce decree. While the marriage existed, the interest of the parties in this surplus was precisely the same as it had been in the property itself before the sale. *Carlisle v. Parker*, 8. *W. W. Harr.* 83, 188 *A.* 67. Upon the final dissolution of the marriage,

the estate was converted into a tenancy in common, each being entitled to one-half. *Townsend v. Townsend*, 5 *W. W. Harr.* 493, 168 *A.* 67.

Petitioner's argument is this: The sale of the land converted it into personal property only to the extent necessary to pay the lien then standing against it; the surplus is to be treated as real estate for purposes of distribution; when because of the finality of the divorce, William D. Johnson became the owner of one-half of the fund in severalty, the judgment automatically became a lien upon his share in the same manner as if the real estate never had been sold. Reliance is placed upon *Carlisle v. Parker, supra,* and *In re Harris Estate*, 28 *Del. Ch.* 590, 44 *A.* 2d 18.

In *Robinson v. Robinson*, 3 *Harr.* 391, it was held that a judgment entered after the date of sale was neither a lien upon the land itself nor upon the surplus proceeds. In the case of *In re Republic Engineering Co.*, 3 *W. W. Harr.* 81, 130 *A.* 498, wherein the Robinson decision was cited with approval it was held that a judgment in a mechanic's lien action constituted no lien upon the proceeds of sale where the action was commenced after the date of sale, notwithstanding that the work had commenced before that date.

I do not regard anything said in *Carlisle v. Parker, supra* [8 *W. W. Harr.* 83, 188 *A.* 69], as conflicting with either the Robinson or Republic decisions. A significant sentence in the Carlisle case is this one: "Surplus money arising upon a sale of land under a decree of foreclosure stands in the place of the land itself or of the equity of redemption, and is regarded as realty *as to those who either hold the title or who had liens upon said land.*" (Emphasis supplied.)

In my opinion, the effect of these cases is this: the surplus is to be treated as realty for the purpose of determining title to the fund as among defendants, heirs, devisees, personal representatives, grantees, and others claiming as owners, even though their individual rights may arise after the sale; but the proceeds of sale are regarded as realty in determining rights of only those

creditors who held liens at the time of sale. 2 *Woolley* 791; *cf.* 33 *C. J. S., Executions,* § 247, p. 510; *Freeman on Judgments* 306. This theory although perhaps somewhat artificial, is the only explanation for the necessity of issuing execution to reach money in the hands of the Sheriff as surplus from the sale of realty. 2 *Woolley* 791. The theory, moreover, is in harmony with all the Delaware authorities which have come to my attention including *In re Harris Estate, supra.* There the judgment against an heir became a lien upon his interest in the land prior to the sale ordered by the Orphans' Court to pay the ancestor's debts. This lien was shifted to the heir's share of the surplus proceeds.

█ It will be noticed that the earliest possible date on which petitioner's lien could have arisen, even under its own theory, was three days after the fund had been paid into Court. On that date, the surplus being personalty insofar as petitioner was concerned, its judgment did not become a lien. Whether there is any possible way to obtain a new lien of any sort upon a fund after it has actually come into the custody of the Court may be questionable. I do not find it necessary to decide that point in this case.

The petition of the Sussex Trust Company will be denied.