In the Matter of VED ELVA, INC., a New Jersey corporation, Gustave Abrahamsen, Individually and trading as North Arlington Bowl-O-Drome, Mary B. Abrahamsen, and 47 Schuyler, Inc., a New Jersey corporation, Bankrupts.

Civ. Nos. B-935-64, B-965-64.

United States District Court
D. New Jersey.

Dec. 6, 1966.

Lautman & Rapson, by Donald J. Rapson, Asbury Park, N. J., for petitioner, Henry Baker.

Robert Friedlander, Asbury Park, N. J., and Julius J. Golden, Long Branch, N. J., for trustee in bankruptcy.

OPINION

COHEN, District Judge:

Petitioner, Henry Baker, a creditor of Gustave Abrahamsen, one of the individual bankrupts in these consolidated bankruptcy proceedings, seeks a judicial review of the determination of Referee William Lipkin relegating him to the status of a general, unsecured creditor in the distribution schedule of the assets of the bankrupt estate. The Referee's Certificate of Review was filed pursuant to Section 39a(8) of the Bankruptcy Act, and this Court has examined the record in order to ascertain whether his findings of fact are sufficiently supported by evidence in the record and whether his conclusions of law are correct. 11 U.S.C.A. § 67 subs. c, a(8).

Briefly, the record discloses that petitioner obtained a judgment on February 14, 1964 against the individual bankrupt, Gustave Abrahamsen, for $7,862.80 including costs, in the Superior Court of New Jersey. On February 24, 1964 he issued execution and levied on real estate owned as tenants by the entirety by Gustave Abrahamsen and Mary B. Abrahamsen, his wife, the bankrupts herein. No sale was effected under this levy. However, during petitioner's proceedings, a judgment was obtained by Shore Restaurant Equipment Co., Inc., on February 18, 1964 in the amount of $19,689.05, thereafter reduced to $14,252.75, against both bankrupts Gustave and Mary Abrahamsen. During this same period of time, two other judgments were entered against Gustave Abrahamsen, individually; Manzo Contracting Co., Inc. obtained judgment for $9,869.47 on February 13, 1964 including costs, and on February 25, 1964 Level Line, Inc. obtained judgment including costs in the amount of $1,837.05, upon which is presently due $784.55. On August 17, 1964 Shore Restaurant Equipment Co., Inc., as a judgment creditor of both Gustave and Mary Abrahamsen, levied execution against real estate held by them as tenants by the entirety, being premises known as 2609 River Road, Point Pleasant, New Jersey. No sale was effected under this levy. On the same date, the Abrahamsens filed petitions in bankruptcy.

Subsequently, the Trustee in Bankruptcy effected judicial sale of the real estate on July 26, 1965 which resulted in gross proceeds of $57,500.00 and, after the payment of a mortgage, taxes and sale expenses, a net of $24,956.78. The Trustee filed his Final Account and Report, and appeared before the Referee for a determination of the priority of

980

liens inherent in the real estate sale proceeds.

The Referee isolated the issue, i. e., whether certain judgments became liens upon the proceeds of the real estate sale. After hearing, he decided that:

"The judgment in favor of Shore Restaurant was entered on February 18, 1964 more than four months prior to bankruptcy proceedings which commenced on August 27, 1964. It was against both parties in bankruptcy and pursuant to N.J.S.A., 2A:16–1 was effective and binding on the real estate from the time of the entry of the judgment. Wills v. McKinney, 41 N.J.L. 120, 122 (Sup.Ct.1879). Aside from its entry this creditor also issued a levy thereon and, it is clear, had a valid first lien on the proceeds ahead of the rights of any other creditor and also the Trustee of the bankrupt estates." (Referee's Certificate of Review, page 3).

He concluded further that the judgments in favor of Manzo Contracting Co., Inc., The Level Line, Inc., and petitioner, Henry Baker, were not liens on the property or its proceeds superior, by way of priority, to the rights of the Trustee. These latter claims were allowed as general, unsecured claims against the sole estate of Gustave Abrahamsen.

Only petitioner Baker seeks review of the Referee's determination. His contention is that having made the first execution and levy in point of time upon the real estate in question, his lien is superior to the rights of the Trustee in Bankruptcy, as well as superior to Shore Restaurant and other judgment creditors. And having perfected his lien against an asset of the debtor more than four months prior to the bankruptcy, he is entitled to share in the proceeds of the Trustee's sale to the full extent of his judgment. Petitioner relies upon the cases of King v. Greene, 30 N.J. 395, 153 A.2d 49, 75 A.L.R.2d 1153 (1959) and Servis v. Dorn, 76 N.J.Eq. 241, 76 A. 246 (Ch.1909) as supporting his position.

The Trustee takes the position that upon the filing of the bankruptcy petitions, he immediately became vested with the real estate title of the bankrupts (Mr. and Mrs. Abrahamsen) under Section 70(a) of the Bankruptcy Act, 11 U.S.C. § 110(a) which, in pertinent part, provides as follows:

"The trustee of the estate of a bankrupt * * * upon his * * * appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * *

"All property, wherever located, except insofar as it is property which is held to be exempt, in which the bankrupt has at the date of bankruptcy an estate or interest by the entirety and which within six months after bankruptcy becomes transferable in whole or in part solely by the bankrupt shall, to the extent it becomes so transferable, vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date of bankruptcy."

In Section 70(c) of the Bankruptcy Act, the trustee is given the rights of a lien creditor, providing in pertinent part:

"The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

■■ The Referee in Bankruptcy relying upon these sections, determined that the Trustee became a judgment lien creditor of the full, undivided tenancy by the entirety estate of both bankrupt

husband and wife. At page 5 of his Certificate of Review, he states:

"In this case, by reason of Section 70(c) of the Bankruptcy Act, the Trustee of the husband and wife had possession of the real estate and also has the position of a judgment creditor holding a lien against the real estate owned by the husband and wife. The Trustee's position is akin, in effect, to the judgment in favor of Shore Restaurant against both parties, but inferior to it in time because the law in New Jersey gives priority to the creditor who first executes upon his judgment, Wills v. McKinney, 41 N.J.L. 120 (1879); Bogert v. Lydecker, 45 N.J.L. 314 (1883), and the prior judgment against the entire legal title is effective as against a creditor who at best has a lien on the interest of one of the parties holding title, which interest is subject to be rendered valueless if that party dies before the party against whom there is no lien."

He ruled that the only lien against the real estate superior to that of the Trustee was the judgment in favor of Shore Restaurant. Its judgment against both husband and wife was entered February 18, 1964, more than four months prior to the bankruptcy proceedings commenced August 27, 1964. This judgment attached and bound the full entirety interests of both judgment-debtors. R.S. 2A:16-1, N.J.S.A.; Wills v. McKinney, supra. Not only did Shore Restaurant enter judgment, but it also issued execution and levied on August 17, 1964, ten days before the bankruptcy proceedings. Hence, the Trustee's title rising no higher than the bankrupts' was in like manner subject and inferior to the lien of Shore Restaurant, the prior levying judgment creditor. So that when the Trustee effected judicial sale of the full entirety interests in the real estate, the priority judgment lien of Shore Restaurant attached to the money proceeds of the sale to the extent of the balance then due, i. e. $14,252.75. The net proceeds realized at sale were $24,956.78, and the Referee distributed the amount due to Shore Restaurant as a .secured creditor. The other judgments, including petitioner's, were denied priority by the Referee and allowed solely as general, unsecured claims against the bankruptcy estate of Gustave Abrahamsen, alone.

In the present review, the pertinent facts are not in dispute and this Court is confronted with the legal issue of petitioner's asserted priority of lien in the estate of Gustave Abrahamsen and its denial by the Referee as a matter of law.

A trustee in bankruptcy is vested with all property, as well as any transferable interest in property, which is vested in the bankrupt on the date of the adjudication, or which is thereafter acquired by the bankrupt within six months of such adjudication. 11 U.S.C. § 110; Wylie v. Zimmer, 98 F.Supp. 298 (D.C.Pa.1951); Collier's Bankruptcy Manual, par. 67.01. However, the bankrupt's interest in property, as well as the rights of judgment lienholders, is to be determined by the law of the state wherein the property has situs. Wylie, supra; Collier's Bankruptcy Manual, par. 67.06. So that a United States Bankruptcy Court must follow local state law in determining the nature, validity and extent of property interests inherent in real estate held by a husband and wife as tenants by the entirety. United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966).

The most recent pronouncement of the law of New Jersey, where the real estate in question is situate and where petitioner obtained his judgment, is King v. Greene, 30 N.J. 395, 153 A.2d 49, 75 A.L.R.2d 1153 (1959), ruling that the individual interest of a debtor spouse in an entirety estate is subject to judgment liens and execution for his or her individual debts. As stated by the Court in King, supra, at page 412, 153 A.2d at page 60:

"It is clear that the Married Women's Act (P.L. 1852, p. 407, now R.S. 37:2-12 N.J.S.A., et seq.) created an equality between the spouses in New Jersey, insofar as tenancies by the entirety are

982

concerned. If, as we have previously concluded, the husband could alienate his right of survivorship at common law, the wife, by virtue of the act, can alienate her right of survivorship. And it follows, that if the wife takes equal rights with the husband in the estate, she must take equal disabilities. Such are the dictates of complete equality. *Thus, the judgment creditors of either spouse may levy and execute upon their separate rights of survivorship.* (Parentheses and italics supplied.)

The *King* case, supra, at page 406, 153 A.2d 49, also points out that a tenant by the entirety has a vested estate, subject to defeasance upon his predeceasing the other spouse. So that under R.S. 2A:17–1, et seq., N.J.S.A., a judgment creditor of one spouse has a lien against the interest of the debtor spouse in real estate held by the entirety and can reach and sell that interest under valid execution and levy in satisfaction of his judgment. If he does so, then the purchaser at the sale obtains a vested title in the right of survivorship, subject to complete defeasance if the debtor spouse predeceases the non-debtor spouse. See also, Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 129 A.2d 571 (1957).

■ This is precisely the position to which the petitioner could have attained. For he had a lien against the debtor husband's interest in the real estate in question by virtue of his judgment against him coupled with his execution and levy prior to the bankruptcies. But he did not pursue his lien and consummate his claim to the debtor's right of survivorship by sale, before that right of survivorship was extinguished by operation of law, when the Trustee in Bankruptcy, succeeding to all rights and title of both of the tenants by the entirety and having the status of a lien creditor in both bankruptcy estates, effected a valid judicial sale and transfer of the full fee simple title, thus destroying what was, prior thereto, legal incidences of survivorship in either and both spouses. The right of survivorship in the petitioner's debtor having been destroyed by the sale of the paramount title, the petitioner's lien dissipated as, thereafter, the lien had no property in which to inhere. It could not attach to the proceeds in the hands of the Trustee, who sold for the benefit of all creditors of both bankrupts, because the legal basis of the petitioner's lien, i. e., the right of survivorship, embraced only a potential future realization which, upon sale, became an impossibility. The Trustee's sale destroyed the right of survivorship of the debtor-husband, which petitioner could have sold before the fee title became vested in the Trustee who did sell, just as effectively as would have the death of petitioner's debtor before the other spouse. As stated in Giordano v. Wolcott, 46 N.J.Super. 278, at page 282, 134 A.2d 593, at page 595, (App.Div.1957), (relying upon the early case of Buchannan v. Rowland, 5 N.J.L. 721 [1820]):

"An execution does not rise to a higher status than its underlying judgment and has no independent obligating vitality."

So that no part of the proceeds of the Trustee's sale represented the debtor-husband's potential, future survivor interests—the estate of the entirety with all its incidences, peculiar to spouses in New Jersey real estate, King v. Greene, supra, having been destroyed. This being so, the case of Servis v. Dorn, supra, relied upon by the petitioner to support his claim that his lien was transferred to the proceeds of sale, is inapposite. In *Servis,* a judgment lien creditor of one of the spouses succeeded in having proceeds of a foreclosure sale held as a fund in court and it was treated by the Vice Chancellor as an estate by the entirety in the funds which substituted for the land itself, pending an ultimate severance of the estate by the death of one spouse or the other. Since King v. Greene, supra, a half century after *Servis,* when tenancy by the entirety in New Jersey received new and full analysis, it is improbable that ancient incidences and equitable fic-

tion as imposed in *Servis* would be so extended. Especially does this view seem justified when the equitable result sought in *Servis* must be balanced against the equities in the instant case where, under Section 70 of the Bankruptcy Act, supra, the Trustee as a lien creditor against both bankrupt husband and wife has a statutory duty to realize upon the assets of both bankrupts by garnering and dispersing the proceeds of his sale of the entirety realty interests with dispatch for the benefit of all creditors of both husband and wife. The preemptive rights duly exercised by the Trustee in the orderly discharge of statutory duties effected a proscription of petitioner's claimed status of a lien creditor with priority in the specific proceeds of the realty sale.

The alternate proposition advanced by petitioner in reliance upon *Servis*, supra, to enable him to preserve his asserted priority in order to ultimately reach the proceeds of the entirety interests, proposes that the Trustee act as an impotent "stakeholder," and stay distribution to all other creditors until the ultimate death of one of the bankrupt spouses. Coincident with this proposition, he suggests that the Trustee has the power, thereafter, to compromise his claim in order to make distribution within a reasonable time. Petitioner's rationalization is unsound, in that it ignores the preemptive exercise of the Trustee's rights under Section 70, supra. And while it is true that a Trustee in Bankruptcy may compromise adverse claims under Section 27 of the Act, 11 U.S.C.A. § 50, with the approval of the Court, the necessity to do so does not arise in the instant case because of the ruling made on his claim of priority. To adopt the "wait and see" method employed in equity, as in *Servis*, is not only impractical and unrealistic on the present state of facts and law, but would permit a judgment creditor to defeat the express purposes of the Bankruptcy Act, i. e., capture and convert assets, wind up the affairs of the estate, or estates, disperse to all creditors and effect the discharge of the debtor. To effectuate these salutary purposes, Congress bestowed upon Trustees in Bankruptcy the rights, powers and authority of Section 70c, supra (11 U.S.C.A. § 110c), familiarly referred to as the "strong arm clause" of the Act, which rights, powers and authority were properly and most efficaciously employed in the instant case.

Accordingly, the determination of the Referee relegating petitioner to the status of a general, unsecured creditor, entitled only to *pro rata* participation in the distribution of the estate of Gustave Abrahamsen, was proper and such determination is hereby ratified, adopted and confirmed.

Counsel for the Trustee in Bankruptcy shall submit an appropriate order.