SARAH J. ALLEN v. WAYNE CIRCUIT JUDGES.

*Foreclosure sale—Claim for surplus.*

How. Stat. § 8510 provides that on foreclosure sale any claimant to the surplus may file his claim with the officer making sale, and that a reference to a commissioner to take proofs may be ordered by the court. *Held*, that—apart from any question as to the validity of this statute—a petition for such reference is fatally defective if it does

not establish a prima facie right to a part of the surplus; and it does not do this if it does not show how the parties cited are related to the mortgaged lands. And in the proceedings before the commissioner all parties interested in the equity of redemption must have notice, so that they may produce any defense that they have.

Mandamus.   Submitted June 2.   Denied June 3.

*W. G. Clarke* for relator.

COOLEY, C. J.   Motion for a mandamus.   From the petition it appears that on April 2, 1885, the Detroit Fire & Marine Insurance Company foreclosed by advertisement a mortgage on certain lands in the county of Wayne, and the mortgaged lands were sold, realizing the sum of $565.15 above the amount due and costs.   The petitioner holds a second mortgage on the same premises on which the amount of this surplus was then due to her, and she served upon the officer who made the sale a notice thereof, and of a claim to the surplus.   The officer thereupon paid the surplus moneys to the register of the court of chancery, and the petitioner asks an order of the circuit court in chancery, referring the matter to a circuit court commissioner for the county to take proof of the facts and circumstances of petitioner's claim, and that on the coming in of the commissioner's report the surplus moneys be ordered paid to her.   The petition makes no reference to parties who might be adverse claimants to the surplus moneys, but mentions Samuel Trudell as the mortgagor in her mortgage.

An order of reference was made as prayed, and the commissioner reported the mortgage of the petitioner, and that the sum due upon it was $567.63.   It does not appear that any inquiry was entered into in respect to parties who might be adverse claimants of the moneys, but the commissioner returns a citation issued to A. N. Trudell, and also a general power of attorney from Samuel O. Trudell to A. N. Trudell. What relation these parties had to the matter, or whether they appeared before the commissioner, is not reported.   In this Court it is stated by counsel that Samuel Trudell, the mortgagor, is deceased, and that A. N. and S. O. Trudell are

two of his three heirs at law.    The whereabouts of the third heir is said to be unknown.

This statement of the case is sufficient to show that the circuit judges were entirely right in refusing to make any order on the commissioner's report.    The petition was fatally defective in not setting forth such facts as would show at least a prima facie right in the petitioner to the surplus moneys, and this it would not show without some further showing of the relation of other parties to the mortgaged lands.    The petition in this case takes no notice whatever of other parties, and seems to proceed upon the assumption that the mere statement of petitioner's mortgage was sufficient to show her right to the moneys.    But this is a grave error.

The proceedings before the commissioner were equally defective.    All parties interested in the equity of redemption have a right to show whether they have any defense to petitioner's mortgage; whether payments have been made upon it; and whether there are any equities against it.    The opportunity to do this has not been given in this case.    The statute which provides for these proceedings (How. Stat. § 8510) is one that suggests many difficulties, and it is not easy to see how it is to be administered at all; but, for the purposes of this motion, it is sufficient to show that, admitting the validity of the statute, the proceedings are fatally defective.    The difficulties with the statute we do not, therefore, care to consider; it being certain that it cannot be lawfully administered without notice to parties concerned, and an opportunity for a hearing.

The motion is denied.

The other Justices concurred.