BURTON TOWNSHIP v. GENESEE COUNTY.

1. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—ANNEXATION—PETITIONS—SIGNATURES.

Petitions for annexation of territory to a home-rule city must be signed by at least 1% of the population of the territory affected, that is, the combined population of the city and township whose territory is involved in the annexation, it being necessary to have at least 10 signatures from the township (CL 1948, § 117.6, as amended by PA 1957, No 210; CLS 1956, § 117.9).

2. SAME—HOME-RULE CITIES—ANNEXATION—PETITIONS—DESCRIPTIONS OF LAND OF SIGNERS.

Petitions for annexation of territory to a home-rule city that

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 37 Am Jur, Municipal Corporations §§ 23–34, 107.
    Power to extend boundaries of municipal corporations.    64 ALR 1335.
[6] 14 Am Jur, Costs § 91.
    28 Am Jur, Injunctions §§ 299, 300.

contain a sufficient number of signatures to satisfy the first of 2 alternative methods provided by the pertinent statute need not contain a description of the land and area represented by each signature, such requirement being followed only when there are less than 10 persons qualified to sign the petitions in the township residing outside the area to be annexed (CL 1948, § 117.6, as amended by PA 1957, No 210).

3. SAME—HOME-RULE CITIES—ANNEXATION—PETITIONS—SUFFICIENCY OF DESCRIPTION.

Description of territory included in proposal to annex land to home-rule city, which was such as to make plain, to one understanding legal descriptions, what land was included *held*, in substantial compliance with pertinent section of statute, where a rejection of the obviously incorrect portion of the description leaves a remainder which is sufficient (CLS 1956, § 117.7).

4. SAME—HOME-RULE CITIES—ANNEXATION—INJUNCTION—FRAUD—EVIDENCE.

Evidence presented in suit to enjoin the holding of an election on question of annexation of township territory to a home-rule city because of alleged fraudulent representations by circulators of petitions to obtain signatures *held*, insufficient to establish fraud, where there was no concealment of the purpose of presenting to the electors the question of the annexation of the territory in question to the city (CL 1948, § 117.6, as amended by PA 1957, No 210).

5. SAME—HOME-RULE CITIES—ANNEXATION—PETITIONS—JURISDICTION OF BOARD OF SUPERVISORS.

No necessity for consideration of question as to the jurisdiction of a court to review action of the board of supervisors with respect to the board's action to correct jurisdictional errors remains, where action taken with respect to petitions to annex territory to a home-rule city is upheld as valid (CL 1948, § 117.6, as amended by PA 1957, No 210; CLS 1956, §§ 117.7–117.9).

6. COSTS—PUBLIC QUESTION—ANNEXATION TO HOME-RULE CITY.

No costs are allowed in suit to enjoin election on annexation of territory to a home-rule city, a public question being involved (CL 1948, § 117.6, as amended by PA 1957, No 210; CLS 1956, §§ 117.7–117.9).

Appeal from Genesee; Parker (Donn D.), Baker (John W.), McGregor (Louis D.), and Roth (Stephen J.), JJ., en banc. Submitted December 5, 1962.

(Calendar No. 96, Docket No. 49,699.)   Decided February 6, 1963.

Bill by Burton Township, a municipal corporation, against Genesee county, a municipal corporation, its board of supervisors and clerk, the city of Flint, a home-rule city, a municipal corporation, its clerk, and the clerk of Burton township, to enjoin election on South Flint Plaza annexation proposal. Bill dismissed. Plaintiff appeals. Affirmed.

*McTaggart & McTaggart* (*William R. McTaggart,* of counsel), *Lyndon J. Lattie,* and *M. Bushnell Trembley,* for plaintiff.

*John G. David,* Corporation Counsel, *William J. Kane,* City Attorney, *Wade D. Withey* and *Don W. Mayfield,* Assistant City Attorneys, for defendants.

DETHMERS, J. A petition to annex an uninhabited portion of Burton township to the city of Flint was filed with the Genesee county clerk under the provisions of CL 1948, § 117.1 *et seq.,* as amended (Stat Ann 1949 Rev and Stat Ann 1961 Cum Supp § 5.2071 *et seq.*). It bore the signatures of 2,402 city of Flint residents and of 13 Burton township residents. At that time the population of Flint was 196,940 and of the township 29,700.

The clerk referred the petition to the county board of supervisors, which, in turn, referred it to the board's legislative committee. A majority of that committee reported to the board that the petition was sufficient. A minority reported, to the contrary, that the petition lacked the requisite number of signatures, in that there were not signatures of township electors to a number of not less than 1% of the population of the township, as they asserted was required by law.

The board adopted the majority report and a resolution fixing the date for an election on the annexation question.

Before the election, plaintiff, Burton township, brought this action to enjoin the holding of the election. The grounds alleged were, *inter alia*, that (1) the petition did not bear the signatures of 1% of the population of the township; (2) township residents who signed the petition were induced to do so by misrepresentations of the circulator, a Flint employee, as to the nature of the petition; and (3) that the map attached to the petition did not clearly show the territory to be annexed, the legal description in the petition was inaccurate and impossible to understand, and it contained no sworn statement giving the total area of the land proposed to be annexed. It was also alleged, but not urged on appeal here, as it is in a companion case, *Township of Mount Morris* v. *Genesee County*, 369 Mich 187, that after each signature "there appeared only the common street address" of the signer and not "a description of the land and the area represented thereby as required by section 6 of said act."

The 4 circuit judges of Genesee county, sitting en banc, heard the case, denied plaintiff the relief sought, and dismissed the bill of complaint. Plaintiff appeals.

The applicable statutory provisions on which plaintiff relies are contained in CL 1948, § 117.6, as amended by PA 1957, No 210, and CLS 1956, § 117.7 (Stat Ann 1961 Cum Supp §§ 5.2085, 5.2086), and read as follows:

"Sec. 6. Cities may be incorporated or territory detached therefrom or added thereto, or consolidation made of 2 or more cities or villages into 1 city, or of a city and 1 or more villages into 1 city, or of 1 or more cities or villages together with additional

territory not included within any incorporated city or village into 1 city, by proceedings originating by petition therefor signed by qualified electors who are freeholders residing within the cities, villages or townships to be affected thereby, to a number not less than 1% of the population of the territory affected thereby according to the last preceding United States census, or according to a census to be taken as hereinafter provided, which number shall be in no case less than 100, and not less than 10 of the signatures to such petition shall be obtained from each city, village or township to be affected by the proposed change: Provided, That in the incorporation of a city from an existing village without change of boundaries the requisite number of signatures may be obtained from throughout the village without regard to the townships in which the signers are residents: Provided further, That as an alternate method in the case of an annexation proceeding in which there are less than 10 persons qualified to sign the petition living in that unincorporated territory of any township or townships proposed to be annexed to a city, that the signatures on the petition of persons, firms, corporations, the United States government, or the State or any of its subdivisions who collectively hold record legal title to more than 1/2 of the area of the land exclusive of streets, in the territory to be annexed at the time of filing the petition, will suffice in lieu of obtaining 10 signatures from the township in which such area to be annexed lies: And provided further, That on such petition each signature shall be followed by a description of the land and the area represented thereby and a sworn statement shall also accompany such petition giving the total area of the land, exclusive of streets, lying within the area proposed to be annexed: Provided further, That before any signatures are obtained on a petition as hereinbefore provided, such petition shall have attached to it a map or drawing showing clearly the territory proposed to be incorporated, detached, or added, and each prospective

signer shall be shown such map or drawing before signing the petition. Such petition shall be verified by the oath of 1 or more petitioners."

"Sec. 7. Said petition shall accurately describe the proposed boundaries of the city, or of the territory to be annexed thereto."

Plaintiff contends that under said section 6, as applied to the facts in this case, the petition is required to have the signatures of qualified electors who are freeholders residing within the township to a number of not less than 1% of the township's population. The statute does not so read. It requires that not less than 10 signatures shall be obtained from the township. The 1% requirement applies to "population of the territory affected". Section 9 of the act* defines the "district to be affected" as including the whole of each city, village, or township from which territory is to be taken or to which territory is to be annexed. The requirement of the statute, then, is that, in this case, there are to be signatures of qualified electors who are freeholders residing in the city of Flint or Burton township, to a number not less than 1% of the combined population of the city and township. The petition bore more than that number. It also met the requirement of not less than 10 from the township.

Plaintiff's criticisms that the petition did not contain a description of land and area represented by each signature, nor an accurate map attached to the petition clearly showing the area to be annexed, nor a sworn statement giving the total of the land area, exclusive of streets, proposed to be annexed as required by said section 6, relate to requirements of that section to be followed under the "alternate method" therein provided for annexation of territory

---

* CLS 1956, § 117.9 (Stat Ann 1961 Cum Supp § 5.2088).—RE-PORTER.

in which there are less than 10 persons qualified to sign the petition. This alternate method obviously was intended to take care of a situation in which it is impossible to obtain the signatures of at least 10 township residents who reside outside the area to be annexed. Here 13 such signatures were obtained. Hence, the alternate method needed not to be and was not pursued and, accordingly, the mentioned requirements thereof have no application here.

There are technical defects in the legal description, on the petition, of the land to be annexed. There is, however, substantial compliance with the requirement of section 7 of the act (CLS 1956, § 117.7 [Stat Ann 1961 Cum Supp § 5.2086]) that the petition accurately describe the proposed boundaries of the territory to be annexed. For example, one line is described as "north 1/8 line" when it should have been merely "1/8 line". The error is obvious, presenting an impossible description. Omission of the word "north" clearly results in a possible and correct description. The description was such as to make plain, to one understanding legal descriptions, what land was included. The incorrect portion of a description is to be rejected where that which remains is sufficient. See: *Ives* v. *Kimball*, 1 Mich 308; *Tuthill* v. *Katz*, 163 Mich 618; *Gilman* v. *Riopelle*, 18 Mich 145; *Anderson* v. *Baughman*, 7 Mich 69 (74 Am Dec 699).

Careful reading of the testimony of the 7 of 13 township signers, who testified about representations made to them by the circulator of the petition, fails to disclose fraudulent misrepresentation vitiating the petition. The petition itself fairly reveals its nature and purpose. The witnesses admitted that the circulator told them that the purpose was to place on the ballot the question of annexing the area in question to the city of Flint. Vague testimony as to his representation to some of them that school

districts and consolidations thereof would be involved is not persuasive of anything more than expressions of an opinion, the accuracy of which might be in doubt. They did not amount to concealment of the purpose of presenting to electors the question of annexation of the land in question to the city of Flint.

In view of our decision of the above points, no necessity remains for consideration of questions raised by plaintiff as to the jurisdiction of the court to review the action of the board of supervisors, the effect of the last sentence of section 8 of the act* as to correction of jurisdictional errors by board action, et cetera.

Decree affirmed. No costs, a public question being involved.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.

---

* CLS 1956, § 117.8 (Stat Ann 1961 Cum Supp § 5.2087).—REPORTER.