SCHWARTZ *v.* OAKLAND COUNTY SHERIFF.

1. MORTGAGES—FORECLOSURE—SURPLUS—CLAIMANTS—NOTICE.

The provision for disposition of surplus upon statutory foreclosure of a mortgage requires that a lien claimant or subsequent mortgagee give notice to the officer making the sale and abide the determination of the validity of his claim by the court in the procedure established by the statute (CL 1948, § 692-.14).

2. SAME—FORECLOSURE SALE—SURPLUS.

The second mortgagee, as purchaser at sale under statutory foreclosure of second mortgage, was, during the period in which redemption from such sale could be made, an equitable title holder and not covered by the provision of the statute affording protection to a lien claimant or subsequent mortgagee with respect to payment of surplus when property was later sold upon statutory foreclosure of first mortgage (CL 1948, § 692-.14).

3. SAME—FORECLOSURE—STATUS OF PARTIES.

A second mortgagee who bought property at foreclosure sale on statutory foreclosure of his second mortgage acquired such title as his mortgagor had at the time second mortgage was executed, and upon subsequent foreclosure of first mortgage had an equitable title and was neither lien claimant nor subsequent mortgagee as to first mortgage (CL 1948, § 692.14).

4. SAME—FORECLOSURE SALE—TITLE.

The title acquired by a purchaser at a sale in proceeding to foreclose a mortgage by advertisement is all the right, title, and interest in and to the mortgaged premises the mortgagor possessed at the time the mortgage was executed (CL 1948, § 692-.14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Mortgages §§ 873–877.

[2–7] 37 Am Jur, Mortgages §§ 746–761, 873–877.

5. SAME—FORECLOSURE SALE—SURPLUS—PERSONS PROTECTED.

The provision for disposition of surplus upon statutory foreclosure of a mortgage was intended to apply for the protection
of subsequent mortgage claimants or lien holders named in
the statute, who make claims against the surplus, as against
claim of one not named (CL 1948, § 692.14).

6. SAME—FORECLOSURE SALE—SURPLUS—DEMAND.

Sheriff, at sale under foreclosure by advertisement, is obliged
to pay the surplus on demand to the mortgagor, his legal representatives or assigns, unless some other claimant makes a
claim of some subsequent mortgage or lien encumbering the
real estate (CL 1948, § 692.14).

7. SAME—FORECLOSURE SALE—PAYMENT OF SURPLUS.

Payment of surplus by sheriff, on demand, to mortgagor upon
foreclosure by advertisement of first mortgage relegated second
mortgagees who had previously foreclosed their mortgage and
bought and recorded their purchase of the mortgagor's interest to recovery of such surplus from the mortgagor, where
they had made no demand prior to payment made to mortgagor (CL 1948, § 692.14).

Appeal from Oakland; Moore (Arthur E.), J.
Submitted Division 2 April 7, 1966, at Lansing.
(Docket No. 1,027.)   Decided October 25, 1966.
Leave to appeal denied by Supreme Court January
10, 1967.   See 378 Mich 747.

Complaint by Morris Schwartz and Dora
Schwartz, his wife, against Frank W. Irons, sheriff
of Oakland County, Herbert R. Radunz, deputy
sheriff of Oakland County, Wolverine Insurance
Company, Allegheny Engineering, Inc., Michigan
corporations, and Robert C. Newkirk, to recover
moneys paid over by defendant Radunz to defendant
Newkirk as surplus proceeds from mortgage foreclosure sale.   Motions of defendants Irons, Radunz,
and Wolverine for summary judgment in their favor
granted.   Plaintiff Dora Schwartz appeals, Morris
Schwartz having died during pendency of action.
Affirmed.

*Maxwell I. Silverstein,* for plaintiff.

*Robert P. Allen,* Oakland County Corporation Counsel, and *Hayward Whitlock,* Assistant Corporation Counsel (*Erwin O. Slater,* of counsel), for defendants Irons, Radunz, and Wolverine Insurance Company.

T. G. KAVANAGH, J. Allegheny Engineering, Inc., owned certain lots in the city of Southfield, Michigan, when on February 18, 1959, it gave a first mortgage thereon to James V. Rine. On June 30, 1959, Allegheny deeded the property to Dorchester Homes, Inc., subject to the mortgage which the grantee assumed and agreed to pay.

Thereafter on October 31, 1960, Dorchester Homes, Inc., gave a second mortgage on the premises to the plaintiffs. This second mortgage came in default and was foreclosed by the plaintiffs by advertisement and the sheriff held a mortgage sale on September 14, 1962, at which the plaintiffs purchased the property. The deed to plaintiffs was recorded the same day.

On October 3, 1962, the first mortgage being in default, foreclosure by advertisement was had and a sheriff's sale was held on that date. Rine (first mortgagee) bid in the property for the full amount of the indebtedness due him including the sheriff's fees and recording expenses and in addition paid over to the deputy sheriff $5,000 surplus.

It is undisputed that on November 7, 1962, on demand of Robert C. Newkirk, resident agent of Allegheny Engineering, Inc., the original mortgagor, the sheriff paid over the surplus to Newkirk. Dorchester Homes, Inc., did not redeem from either foreclosure sale.

On October 2, 1963 (their deed having become absolute on September 14, 1963), the plaintiffs re-

deemed the property from the foreclosure sale of the
first mortgage.  They paid the register of deeds the
sum of $41,298.69 which included the $5,000 surplus
referred to above.

The instant suit was brought to recover the sur-
plus sum of $5,000 on the theory that the deputy
sheriff should not have paid it to Newkirk or his
corporation for they were not entitled to it.

The plaintiffs' motion for summary judgment was
granted as to defendants Allegheny Engineering,
Inc., and Robert C. Newkirk, jointly and severally,
and the motion of defendants Frank W. Irons,
Herbert R. Randunz and Wolverine Insurance Com-
pany for summary judgment of no cause of action
was also granted.

Plaintiff appeals the summary judgment of no
cause of action.  The defendants, Allegheny Engi-
neering, Inc., and Robert C. Newkirk have not
appealed.

The sole issue in this case is whether or not the
surplus statute, then CL 1948, § 692.14 (Stat Ann
§ 27.1234) (see now CLS 1961, § 600.3252 [Stat Ann
1962 Rev § 27A.3252]), protects the sheriff upon
his payment of the surplus to one named in the
statute and against the claim of one not named.

The surplus statute, *supra,* admittedly requires
a lien claimant or subsequent mortgagee to give
notice and abide the determination of the validity of
his claim by the court in the procedure therein
established.

The appellant states that he is not a lien claimant
or a subsequent mortgagee but rather an equitable
titleholder and hence is not covered by the statute.
We agree.  The title acquired by a purchaser at a
foreclosure sale is all the right, title, and interest in
and to the mortgaged premises the mortgagor pos-
sessed at the time the mortgage was executed. *Stolte
v. Krentel* (1935), 271 Mich 98, 105.

The surplus statute, *supra,* was intended to apply for the protection of subsequent mortgage claimants or lien holders. *Allen* v. *Wayne Circuit Judges* (1885), 57 Mich 198. The statute spells out the duties of the sheriff; we will not impose any greater duty on the sheriff than the statute does. He is obliged to pay the surplus on demand to the mortgagor, his legal representatives or assigns unless some other claimant makes a claim of some subsequent mortgage or lien encumbering the real estate.

The plaintiff has a legitimate claim for the surplus as owner of the equitable title at the time of the foreclosure of the first mortgage. *Union Trust Co.* v. *Electric Park Amusement Co.* (1912), 168 Mich 574. However, under the surplus statute, *supra,* the sheriff is obligated on demand to pay the surplus to the mortgagor, his representatives or assigns unless some other claimant makes a claim. The sheriff, having received no other claims, correctly paid over the surplus to the mortgagor of the first mortgage in conformity with the surplus statute, *supra.* Plaintiff is therefore left to his remedy against the mortgagor under the first mortgage for the enforcement of his claim.

Judgment affirmed. Costs to appellees.

LESINSKI, C. J. and QUINN, J., concurred.