MURRAY v BUIKEMA

1. BOUNDARIES—CONVEYANCES—CONFLICTING DESCRIPTIONS—INTENT.

The primary rule in construing and interpreting a conveyance where the location of the boundary lines is uncertain by reason of inconsistent or conflicting descriptive calls which cannot be explained by any competent evidence is that the intention of the parties controls and is to be followed.

2. BOUNDARIES—CONVEYANCES—TERMS OF DESCRIPTION—IDENTIFIABLE DESCRIPTION.

Terms of description in a conveyance repugnant to the identifiable description may be rejected.

3. BOUNDARIES—CONVEYANCES—MONUMENTS—COURSES AND DISTANCES.

Monuments control courses and distances in descriptions of real property and when monuments and measurements vary, the monuments always control.

4. BOUNDARIES—PLATS—CONFLICTING DESCRIPTIONS—MONUMENTS—SECTION LINES.

A plattor intended that a plat's boundaries coincide with monuments used as calls in the legal description where otherwise monuments referred to as being on a section line also used as calls would have been omitted from the description; therefore, the monuments controlled in a boundary dispute which arose upon discovery that the section line was more than 200 feet from where the plattor had thought it was.

5. BOUNDARIES—CONVEYANCES—DESCRIPTIONS—MONUMENTS—SECTION LINES.

A monument used in describing land is any physical object on the ground which helps establish the location of the line called for, and the term "monument" when used with reference to bound-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur 2d, Boundaries §§ 2, 77.
[3] 12 Am Jur 2d, Boundaries § 10.
[4, 5] 12 Am Jur 2d, Boundaries § 67.
[6] 12 Am Jur 2d, Boundaries § 76.

aries indicates a permanent object which may be either a natural or an artificial one; therefore, a section line is not a monument.

6. BOUNDARIES—MARKETABLE RECORD TITLE ACT—CHAIN OF TITLE—PLATS.

The marketable record title act did not afford support to defendants in a boundary dispute where the unbroken chain of title under which defendants claimed the disputed parcel began with a deed which gave notice that all lands within a certain subdivision were excepted from the conveyance, and where the recorded plat of that subdivision, when examined in light of rules of construction applied when a legal description contains conflicting calls, showed that the subdivision obviously extended into the parcel claimed by defendants (MCLA 565.102).

Appeal from Cheboygan, Edward H. Fenlon, J. Submitted Division 3 April 4, 1974, at Grand Rapids. (Docket No. 17364.) Decided July 23, 1974.

Complaint by Donald A. Murray and others against Edward C. Buikema and Dorcas J. Buikema to quiet title. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Francis E. Lindsay (Edward B. Emery,* of counsel), for plaintiffs.

*Hillman, Baxter & Hammond,* for defendants.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. This is an appeal from the judgment determining the boundary dispute in favor of plaintiffs. The facts are not in dispute.

One E. R. Smith was the common grantor of all parties in this case and was also the plattor of Waubun Beach plat. In 1910 Smith conveyed lots 1

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

through 6 to plaintiffs' predecessors in title. The descriptions were by courses and distances and made no references to section lines but each description contained the following:

"being a part of Lot 1, Sec. 2, T.35 N.R.3 W."

These deeds were recorded in 1910 and 1911.

In 1915 Smith filed the Waubun Beach plat for record. The description of the property composing the plat, as set forth in plaintiffs' Exhibit 3, is as follows:

"commencing at point 15' East from the Meander Post set on the shore of Burt Lake on the S. 1/8th line of Section 2 Township of Tuscarora County of Cheyboygan State of Michigan, a gas pipe 3' long B.T. Pine 22" S 78° 30' E 55' thence East 473' to Section Line no B.T. thence South on Section Line 369' B.T. White Oak 16" N 7° E 28' thence S 38° W 2832' B.T. Red Oak 12" S 78° 30' E 13' B.T. Red Oak 7" N 12° E 33' thence S 89° W 745' B.T. Pine 4" N 58° 30' E 8' 6" B.T. Aspen 7" N 24° W 6' thence N 38° E 3289' Meandered along shore of Burt Lake to place of beginning all dimentions [sic] are given in feet and inches"

Comparing the plat with the descriptions covering plaintiffs' property it is noted that these descriptions correspond to Lots 1 through 6 of the Waubun Beach plat. Some variation in the description of Lot 1 was not considered of decisional importance by these parties.

Defendants claim under a chain of title, uncontroverted by plaintiffs, beginning with the deed from E. R. Smith to one J. A. Pollard made on October 24, 1916, and describing the land as follows:

"1. The southwest quarter of the southwest quarter of

section one, of township thirty-five, north of range three, west of the meridian of Michigan.

"2. That portion of section two of said township thirty-five north of range three west of the meridian of Michigan which lies south of the east and west one-eighth line (being the southeast quarter of the southeast fractional quarter of said section), and lots one and two of section eleven of said township thirty-five north of range three west of the meridian of Michigan (being north half of northeast quarter of said section, EX-CEPTING and RESERVING however, from the descriptions above on said sections two and eleven, so much thereof as is included in the recorded plat of 'WAU-BUN BEACH'.

"3. The northwest quarter of the northwest quarter of section twelve of said township thirty-five north of range three west of the meridian of Michigan.

"4. Lots fifty-two, fifty-three and fifty-four according to the recorded plat of 'Waubun Beach, Township of Tuscarora, Cheboygan County, Michigan'."

The deed further included the following notice of intent:

"The intent of this conveyance being to convey all of the land included in the deed from the Embury Martin Lumber Company to Edwin R. Smith, trustee, recorded in Liber 49 of Deeds, page 340, and all of the land included in the deed from George E. Patterson and wife to Edwin R. Smith, trustee, recorded in Liber 49, page 60. (both Cheboygan County Records), except so much thereof as has been heretofore platted as 'Waubun Beach', and also to convey lots fifty-two, fifty-three and fifty-four of said plat."

Defendants claim ownership of the southwest quarter of the southwest quarter of section 1, township 35 north, range 3 west, by virtue of a warranty deed dated September 16, 1967. The present dispute arose out of a survey conducted in 1968. In this survey the section line separating sections 1 and 2 was found to be some 207 feet

west of where it was originally thought to be; that is, the section line was found to be some 207 feet west of the east boundary of Waubun Beach. Claiming to own all of the property east of the 1968 survey line in section 1, defendants placed some barricades across trails on the easterly portion of plaintiffs' land, precipitating this lawsuit.

Plaintiffs do not dispute the 1968 survey. All parties acknowledge that the common grantor E. R. Smith mistakenly believed the section line between sections 1 and 2 was approximately 207 feet east of the true section line. The first issue for discussion is: What was the common grantor's intent? In 12 Am Jur 2d, Boundaries, § 2, p 548, we find:

"The primary rule which the courts apply in construing and interpreting a conveyance where the location of the boundary lines of the land is uncertain by reason of inconsistent or conflicting descriptive calls in the conveyance which cannot be explained by any competent evidence, is that the intention of the parties controls and is to be followed."

See also 11 CJS, Boundaries, § 3, p 538.

It is clear that plaintiffs' property is identifiable without the use of the phrase "part of Lot 1, Sec 2". Their courses and distances as described coincide with Lots 1 through 6 in the plat of Waubun Beach. Terms of description repugnant to the identifiable description may be rejected. *Ives v Kimball,* 1 Mich 308 (1849); *Burton Twp v Genesee County,* 369 Mich 180; 119 NW2d 548 (1963).

It is evident from the description found in the plat of Waubun Beach that the plattor, E. R. Smith, intended that the lots in the plat be 600 feet long. This intent is also clear from the deeds. The description of the plat used as calls such

monuments as Burt Lake, Pipe, White Oak, Red Oak, Aspen, Pine, and Post. All these monuments have been found to exist at the present time. It is not disputed that these monuments were placed or determined as of the time of the original survey of the Waubun Beach plat. "It is a well-settled law in this state that monuments control courses and distances, and that, when monuments and measurements vary, the monuments always control." *Woodbury v Venia,* 114 Mich 251; 72 NW 189 (1897); see also *Brown v Milliman,* 119 Mich 606; 78 NW 785 (1889). Applying this rule to the facts of this case it is plain that the grantor intended the plat boundaries to coincide with the monuments since otherwise the monuments referred to as being on the section line would have been omitted from the description.

A positive indication of the common grantor's intent is found in the deed to defendants' predecessor in title, J. A. Pollard, wherein the grantor stated:

"The intent of this conveyance being to convey * * * except so much thereof as has been heretofore platted as 'Waubun Beach', and also to convey lots fifty-two, fifty-three and fifty-four of said plat."

Defendants' contention that a section line is a monument is without merit. A monument when used in describing land has been defined as any physical object on the ground which helps establish the location of the line called for, and the term "monument" when used with reference to boundaries indicates a permanent object which may be either a natural or an artificial one. 12 Am Jur 2d, Boundaries, § 4, p 549; Black's Law Dictionary (4th ed), p 1159; *Stolte v Krentel,* 271 Mich 98; 260 NW 127 (1935). Even assuming that a

section line is a monument it would yield to the other monuments selected by the grantor to indicate his intention in setting the boundaries of the plat.

From the evidence the trial judge concluded that it was the intent of the common grantor to convey the lands described by the course and distance description to plaintiffs' predecessors in title and to describe the plat of Waubun Beach by reference to various physical monuments therein described. The court also found that the grantor intended to deed to defendants' predecessor in title the lands described except such lands that were included in the Waubun Beach plat. We agree with this finding of intent.

Defendants further contend that plaintiffs' claims to ownership are defeated by the marketable record title act, MCLA 565.101 *et seq.;* MSA 26.1271 *et seq.* Section 2 of the marketable record title act reads in part:

"A person shall be deemed to have the unbroken chain of title to an interest in land as such terms are used in the preceding section when the official public records disclose * * *

"(b) A conveyance or other title transaction not less than 40 years in the past, which said conveyance or other title transaction purports to create such interest in some other person and other conveyances or title transactions of record by which such purported interest has become vested in the person first referred to in this section, with nothing appearing of record purporting to divest the person first referred to in this section of such purported interest."

The deed to Pollard relied on by defendants at the beginning of their unbroken chain of title contains notice that all lands within Waubun Beach plat except Lots 52, 53, and 54 are excepted.

When the description of the Waubun Beach plat is examined in light of the rules of construction above mentioned it would be obvious that a portion of that plat would extend into section 1. We conclude, therefore, that there was something of record purporting to divest defendants of any interest in lands in Waubun Beach other than that specifically mentioned. Defendants had notice that the plat of Waubun Beach extended into section 1. The marketable title act affords defendants no support.

Affirmed. Costs to the plaintiffs.

All concurred.