# STATE OF MICHIGAN

# COURT OF APPEALS

MOON LAKE CONDOMINIUM
ASSOCIATION,

       Plaintiff-Appellant,

v

RBS CITIZENS,

       Defendant-Appellee,

and

LOUIS FOLTZ, OAKLAND COUNTY CLERK,
and T. LEE HOLDINGS,

       Defendants.

UNPUBLISHED
November 12, 2015

No. 323576
Oakland Circuit Court
LC No. 2013-137518-CH

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Plaintiff, Moon Lake Condominium Association, appeals as of right from an order dismissing its action for surplus funds from a foreclosure sale of a condominium. We affirm.

On appeal, plaintiff argues that dismissal was improper because it was not given notice of defendant's claim for the surplus proceeds. After de novo review of the trial court's summary dismissal decision, which was based on the interpretation of a statute, we disagree. See *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012); *Pontiac Sch Dist v Pontiac Ed Ass'n*, 295 Mich App 147, 152; 811 NW2d 64 (2012).

MCL 600.3252 governs the distribution of surplus proceeds following a foreclosure sale and provides:

> If after any sale of real estate, made as herein prescribed, there shall remain in the hands of the officer or other person making the sale, any surplus money after satisfying the mortgage on which the real estate was sold, and payment of the costs and expenses of the foreclosure and sale, the surplus shall be

-1-

paid over by the officer or other person on demand, to the mortgagor, his legal representatives or assigns, unless at the time of the sale, or before the surplus shall be so paid over, some claimant or claimants, shall file with the person so making the sale, a claim or claims, in writing, duly verified by the oath of the claimant, his agent, or attorney, that the claimant has a subsequent mortgage or lien encumbering the real estate, or some part thereof, and stating the amount thereof unpaid, setting forth the facts and nature of the same, in which case the person so making the sale, shall forthwith upon receiving the claim, pay the surplus to, and file the written claim with the clerk of the circuit court of the county in which the sale is so made; and thereupon any person or persons interested in the surplus, may apply to the court for an order to take proofs of the facts and circumstances contained in the claim or claims so filed. Thereafter, the court shall summon the claimant or claimants, party, or parties interested in the surplus, to appear before him at a time and place to be by him named, and attend the taking of the proof, and the claimant or claimants or party interested who shall appear may examine witnesses and produce such proof as they or either of them may see fit, and the court shall thereupon make an order in the premises directing the disposition of the surplus moneys or payment thereof in accordance with the rights of the claimant or claimants or persons interested.

According to the statute, the surplus proceeds must be paid on demand to the mortgagor, unless another claimant makes a claim of a subsequent mortgage or lien encumbering the property. *Schwartz v Irons*, 4 Mich App 628, 632; 145 NW2d 357 (1966). An interested party must file a claim and apply to the trial court, which will conduct a proceeding to determine the rights of the claimant to the surplus proceeds. MCL 600.3252. On appeal, plaintiff contends that the statute requires a claimant to provide notice to other possible lienholders.

The primary goal of the reviewing court in interpreting a statute is to ascertain and give effect to the intent of the Legislature. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011). The specific words of the statute provide the most reliable evidence of that intent. *US Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009). The Legislature is presumed to have intended the meaning it plainly expressed, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and clear statutory language must be enforced as written, *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012).

We conclude that the trial court properly determined that the surplus statute does not require notice to other possible lienholders. The statute clearly requires the claimant to give notice to the sheriff and to apply to the court and wait for the determination of the validity of its claim. *Schwartz*, 4 Mich App at 631. There are no other notice requirements specified. The statute contemplates a judicial proceeding for priority disputes. However, as the trial court found, it does not require the procedures of a formal cause of action. The statute requires only that the claimant "apply" to the court, a distinction negating notice requirements of a formal lawsuit.

And the trial court properly found that plaintiff had notice of the foreclosure sale and could have easily investigated the outcome. But plaintiff did not submit its application until

November 22, 2013, nearly six weeks after defendant's October 8, 2013 application, and over three weeks after the October 25, 2013 order for distribution of the proceeds. The plain language of the statute places the onus on the claimant alone to determine its interest and submit an application to the court. It does not contain a notice requirement. This Court must enforce clear statutory language as written. *Velez*, 492 Mich at 16-17. Accordingly, the fact that defendant did not notify plaintiff of its pending claim for the proceeds does not constitute a basis for reversing the award.

Plaintiff also argues that dismissal was improper because it held an interest in the surplus proceeds that was superior to defendant's interest. Although plaintiff asserted this same argument below, the trial court neither addressed nor decided the matter of plaintiff's alleged superior interest. Rather, it dismissed plaintiff's action as untimely because the proceeds had been distributed by the time plaintiff filed its claim. Therefore, our review is limited to the propriety of the dismissal for untimeliness. See *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). We conclude that plaintiff's action was properly dismissed because its application was filed after the court proceeding and distribution of the funds.

MCL 600.3252 contains no time requirement for filing a claim with the seller and for applying to the trial court for an order. Similarly, there is no time requirement for the court proceeding and disposition of the funds in the statutory language. It is the duty of this Court in interpreting a statute to ascertain and give effect to the intent of the Legislature. *Mich Ed Ass'n*, 489 Mich at 217. This Court has held that the purpose of MCL 600.3252 is to protect the interests of subsequent mortgagors and lienholders, not owners. *Schwartz*, 4 Mich App at 632. The surplus statute requires a lienholder to file a claim with the person conducting the foreclosure sale and to apply for an order to disburse the funds with the court. The only provision in the statute regarding time refers to the trial court discretion's to determine the "time and place" for conducting the proceeding. MCL 600.3252. Generally, if a statute does not provide a specific time limit for the completion of a particular task, a reasonable time is implied. *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483, 497; 776 NW2d 387 (2009).

After review of the record, we conclude that it was not erroneous for the trial court to hold that plaintiff's submission was untimely. The foreclosure sale occurred on September 10, 2013. As the trial court found, plaintiff had notice of the sale and could have discovered the sale price, as well as whether there were other lienholders claiming an interest in the excess proceeds. Yet, plaintiff did not apply for an order of disbursement with the court until November 22, 2013, approximately ten weeks after the sale and six weeks after defendant's October 8, 2013 application. As the trial court noted, plaintiff failed to articulate a reason for the delay. Plaintiff now asserts that defendant filed its application with the court before the deed from the sheriff's sale was available on the Register of Deeds' website. However, plaintiff admits that the deed was recorded by September 24, 2013. Additionally, plaintiff's argument does not negate the fact that it knew the date of the foreclosure sale and could have easily discovered the outcome. While the statute's purpose is to protect mortgagors and lienholders, it places the duty on the claimants to bring their claims to the proper entity within a reasonable time. The statute does not contemplate an open-ended period for bringing claims or resolving priority disputes. There was

no error in the trial court's determination that plaintiff failed to satisfy its duty. Therefore, we conclude that dismissal of plaintiff's action was not improper.

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray

-4-