UNITED STATES of America, Plaintiff,

v.

BUILDING AND PROPERTY KNOWN AS 123—125 EAST TWELFTH STREET, ERIE, PENNSYLVANIA, Defendant.

Civ. A. No. 81–220 ERIE.

United States District Court,
W. D. Pennsylvania.

Dec. 21, 1981.

John P. Garhart, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Philip B. Friedman, Erie, Pa., for claimant William P. Rieger.

McClure, Dart, Miller, Kelleher & White, Erie, Pa., for Marine Nat. Bank.

Andrew J. Conner, Erie, Pa., for Lila M. Rieger.

## MEMORANDUM ORDER

WEBER, Chief Judge.

At the time of the arrest of William P. Rieger on gambling charges the United States seized real estate located at 123—125 East 12th Street, Erie, Pa. and filed this civil action for condemnation of the building and forfeiture of the proceeds under 18 U.S.C. Sec. 1955(d).

The property is a two story commercial building, the first floor of which is leased to a restaurant operator. On the second floor William P. Rieger operated a gambling business under the name of BBB Club, for which he has been found guilty of violating 18 U.S.C. §§ 1955 and 2.

The title to the real estate is held by William P. Rieger and his wife as tenants by entireties. A tenancy by the entireties is defined in Pennsylvania law as an entity which is not subject to the claims of creditors of either tenant alone. *Stauffer v. Stauffer*, 465 Pa. 558, 351 A.2d 236 (1976) *Consumers Time Credit, Inc. v. Remark Corp.*, 248 F.Supp. 158 (E.D.Pa.1965). Lila Rieger has not been charged in this case. Her husband co-tenant, William P. Rieger has been charged and found guilty alone. I cannot find that this fact justifies the seizure of real estate held by him and his wife as tenants by the entireties.

The property is also subject to a first purchase money mortgage in favor of The Marine Bank of Erie. The Marine Bank has intervened here to file a property claim to protect its lien, and to secure the payment of rents to it because of a default.

William P. Rieger has filed an application for the release of this property on the grounds that 18 U.S.C. § 1955(d) does not grant the government authority to seize real property.

This was so held. by Judge Layton in *DiGiacomo v. U. S.*, 346 F.Supp. 1009 (D.Del.1972) the only reported case to be found on the subject. Judge Layton held that a reasonable construction of the forfeiture statute compelled this conclusion, and concluded that the forfeiture provisions derive from statutes governing seizures under customs laws and admiralty laws where the property is always personal, not real. He further observed that all cases where forfeiture of real property has been sanctioned were done under statutes expressly authorizing forfeiture of real property.

Most compelling of Judge Layton's reasoning is that forfeiture of real property involves the problem of disposing of various interests in real estate and the attendant complications. Most serious in that case was the problem of tenancy by the entireties. While the wife-tenant in that case had been named in affidavits as participating in the gambling enterprise, she might not be found guilty, and there would be no way of partitioning the proceeds of sale.

Here Lila M. Rieger, the wife co-tenant has not been charged with an offense and we find no way of effecting a partition between them of their interests in this real estate. The partition is complicated by the prior lien of The Marine Bank and the remaining equity of the entireties tenant might produce little to satisfy the claim against the husband's interest.

William P. Rieger has been sentenced and a substantial fine imposed. This may well be a more effective deterrent than an inconclusive sale and partition procedure.

We will therefore order the property and any of its sequested rents to be restored to the petitioners William P. Rieger and Lila M. Rieger as tenants by entireties.