UNITED STATES of America, Plaintiff,

v.

A PARCEL OF REAL PROPERTY LO-
CATED AT ROUTE 1, BOX 261, TOWN
OF WHITE RIVER, ASHLAND COUN-
TY, WISCONSIN, With all Appurte-
nances and Improvements Thereon, De-
fendant.

No. 90–C–451–S.

United States District Court,
W.D. Wisconsin.

Oct. 19, 1990.

Asst. U.S. Atty., Steven P. O'Connor, Madison, Wis., for plaintiff.

William J. Mulligan, Janice A. Rhodes, Milwaukee, Wis., Keith W. Dallenbach, Ashland, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

The United States of America commenced this forfeiture action pursuant to 18 U.S.C. § 1955(d) alleging that a gambling operation was conducted on the defendant real property. The matter is presently before the Court on motion to dismiss of claimants Colin M. and Carol Polich, whose home is the defendant property. The sole issue on this motion to dismiss is whether 18 U.S.C. § 1955(d) permits the forfeiture of real property or is limited to the forfeiture of personal property.

18 U.S.C. § 1955(d) provides in relevant part:

> Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States. All provisions of law relating to the seizure, summary, and judicial forfeiture procedures ... of the customs laws ... shall apply to seizures and forfeitures incurred or alleged to have been incurred under the provisions of this section, insofar as applicable and not consistent with such provisions....

The question presented in this motion is whether the term "any property" used in this section includes real property.

Two early district court decisions, upon which the claimants rely, ruled that the phrase "any property" was limited to personal property and did not include real property. *Di Giacomo v. United States,* 346 F.Supp. 1009 (D.Del.1972); *United States of America v. Building and Property Known as 123–125 East 12th Street,* 527 F.Supp. 1167 (W.D.Penn.1981). The court in *Di Giacomo* concluded that Congress' failure to expressly mention real property indicated that the statute was not intended to reach real property. The court further reasoned that the reference to the customs laws forfeiture provisions implied a limitation to forfeiture of personal property.

More recently a growing number of courts have rejected this strained interpretation of the term "any property" and have concluded that the unambiguous meaning of "any property" includes real property. Among these courts are the Circuit Courts of Appeal for the Second and Eighth Circuits. *United States v. Premises and Real Property at 614 Portland Ave.,* 846 F.2d 166, 167 (2nd Cir.1988); *United States v. South Half of Lot Seven and Lot Eight, etc.,* 910 F.2d 488, 489 (8th Cir.1990) (en

banc). The Eighth Circuit in *South Half of Lot Seven and Lot Eight* reasoned:

> The task of resolving a dispute over the scope of section 1955(d)'s forfeiture provision begins with the language of the statute itself. When used without qualification, the word "property" includes both real and personal property within its sweep. Indeed, Congress' use of the word "any" to describe property "undercuts a narrower construction." The language of the forfeiture provision is plain and clear: Real property used in illegal gambling operations may be seized and forfeited.

*Id.* at 489 (Citations omitted throughout). This Court concurs in the reasoning of the Eighth Circuit and finds that the phrase "any property" is unambiguous and includes real property. Because the Court finds the statute to be clear on its face, it is unnecessary to engage in an in-depth analysis of legislative history. However, as the court in *South Half of Lot Seven and Lot Eight* explained, even if an examination of the legislative history was appropriate, the history does not provide significant support for the proposition that Congress intended the statute to reach only personal property. *Id.* at 490.

Finally, claimants' argument that reference to customs laws contradicts an intent by Congress that real property be subject to forfeiture is not persuasive. Section 1955 was part of the Organized Crime Control Act of 1970 which also included provisions relating to Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. §§ 1961–1968. In 1970 Congress also enacted the Controlled Substances Act, which included the provisions concerning Continuing Criminal Enterprises (CCE) 21 U.S.C. § 848. Both RICO and CCE included forfeiture provisions similar to § 1955(d), and both provided for forfeiture procedures as provided under customs laws. Those statutes as originally written were consistently interpreted as permitting the forfeiture of real property. *United States v. Various Denominations of Currency*, 628 F.Supp. 4, 6 (S.D.W.Va.1984) (*see* citations therein at 6).

In conclusion, the Court finds that the phrase "any property" plainly includes real property and that there is nothing in the legislative history of the statute or its reference to customs laws which could overcome this plain meaning.

### ORDER

IT IS ORDERED that claimants' motion to dismiss is DENIED.